**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-61013
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY AMES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:97-CR-6-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tommy Ames appeals the 50-month nonguidelines sentence imposed by the district court following the revocation of his supervised release. Ames argues that the 50-month sentence is unreasonable in light of the advisory guidelines range of 30 to 37 months of imprisonment. He argues that the sentence is unreasonable because the district court's justification for the sentence was inadequate and the district court failed to state its reasons supporting the sentence imposed in its written judgment. He argues that, even if the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court provided adequate reasons for the above-guidelines sentence, the sentence imposed was unreasonable in light of the extent of the deviation from the advisory guidelines range.

Ames argues that he has preserved his procedural and substantive challenges to his sentence. The Government, however, argues that Ames did not preserve his procedural challenge to his sentence, and therefore, review is under the plain error standard of review. Regardless of what standard applies, Ames's sentence passes muster. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

When imposing a sentence upon the revocation of supervised release, a district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute. *See* 18 U.S.C. § 3583(e)(3). The district court is to consider the factors set forth in 18 U.S.C. § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. *United States v. Mathena*, 23 F.3d 87, 90 (5th Cir. 1994).

Although Ames's 50-month sentence exceeds the advisory guidelines range, it does not exceed the statutory maximum term of imprisonment. *See* 18 U.S.C. § 3559(a)(1), § 3583(e)(3); U.S.S.G. § 7B1.4(a), p.s. The district court provided adequate reasons for the imposition of Ames's sentence. The district court heard the testimony of witnesses and arguments of counsel and stated that it had considered the guidelines policy statements, the § 3553 sentencing factors, the nature of the offense, and Ames's criminal history. Ames's sentence is reasonable, and Ames has not demonstrated error. *See Hinson*, 429 F.3d at 120.

Accordingly, the judgment of the district court is AFFIRMED.

HAYNES, Circuit Judge, concurs in the judgment only.